The Honorable Carolyn Pollan State Representative 400 North 8th Street Fort Smith, Arkansas 72001
Dear Representative Pollan:
This official Attorney General's opinion is issued in response to your recent question regarding the appointment of process servers under the authority of Rule 4 of the Arkansas Rules of Civil Procedure. The pertinent part of Rule 4 states:
 (c) By Whom Served: Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy; (2) any person not less than eighteen years of age specially appointed by the court for the purpose of serving a summons; and (3) in the event of service by mail pursuant to subdivision (d) (8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
Rule 4(c), Arkansas Rules of Civil Procedure.
You have presented the following question:
 Does Rule 4 require that process servers be appointed on a case-by-case basis, or can the appointment be made annually?
It is my opinion that although the language of Rule 4 does not explicitly address your question, it does appear to require the appointment of special process servers on a case-by-case basis, particularly when read in conjunction with the corresponding statute on the subject (A.C.A. §16-58-108) and in conjunction with Rule 81 of the Arkansas Rules of Civil Procedure.
First, Rule 4 refers to the appointment of special process servers "for the purpose of serving a summons." Rule 4(c), ARCP (emphasis added). The Rule's use of the word "a" indicates that the special appointment must relate to the service of a particular summons, rather than to the service of summonses generally.
This interpretation of the language of Rule 4 is bolstered by the provisions of A.C.A. § 16-58-108, which was not superseded by the Arkansas Rules of Civil Procedure. That statute states:
 The court, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which a sheriff has. The person may be appointed on the motion of the party obtaining the process or order, and the return must be verified by his affidavit. He shall be entitled to the fees allowed to the sheriff for similar services.
A.C.A. § 16-58-108 (emphasis added).
The above-quoted provision unequivocally requires that the appointment of special process servers be made on a case-by-case basis.
Reference to this statute for aid in the interpretation of Rule 4 is appropriate under the provisions of Rule 81(c) of the Arkansas Rules of Civil Procedure. Rule 81(c) states:
 When no procedure is specifically prescribed by these rules, the court shall proceed in any lawful manner not inconsistent with the Constitution of this State, these rules or any applicable statute.
Rule 81(c), Arkansas Rules of Civil Procedure.
Because Rule 4(c) does not explicitly set forth the parameters of the appointment of special process servers, the appointment must be carried out in a manner that is not inconsistent with other provisions of Arkansas law that are explicit. A.C.A. § 16-58-108 is such a provision. In light of the fact that it explicitly requires the appointment of special process servers on a case-by-case basis, any appointment of such process servers on an annual basis would be in conflict with that requirement, and therefore also in conflict with Rule 81(c).
I also note that this interpretation of Rule 4(c) is not inconsistent with the provisions of Rule 1 of the Rules. Rule 1 states:
 These rules shall govern the procedure in the circuit, chancery, and probate courts in all suits or actions of a civil nature with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy and inexpensive determination of every action.
Rule 1, Arkansas Rules of Civil Procedure (emphasis added).
The requirement that special process servers be appointed on a case-by-case basis does not inhibit the Rules' goals of justice, speed, and economy. Indeed, special appointments can further these goals, because they can be used to facilitate cases in which special process servers would lessen the burden on the sheriff having jurisdiction of the case.
For these reasons, I conclude that Rule 4(c) should be construed to require the appointment of special process servers on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh